**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**DOUGLAS R. SCHRADER,**

    Plaintiff,

**v.**                                                 **CIVIL ACTION NO. 3:12-CV-54
(JUDGE GROH)**

**MICHAEL ASTRUE,
Commissioner of Social Security,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.    Procedural History**

The Plaintiff, Douglas R. Schrader, filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act on February 29, 2008. In the application, the Plaintiff alleged disability since September 1, 2003. The Plaintiff alleged in his application that he was disabled due to pain in his neck and back, poor hearing, and poor spelling.

The Social Security Administration denied the Plaintiff's application initially on August 6, 2008, and again upon reconsideration on November 7, 2008. The Plaintiff requested a hearing, and a hearing was held on March 17, 2010, before Administrative Law Judge ("ALJ") George A. Mills, III. The Plaintiff, represented by counsel, testified on his own behalf, as did Vocational Expert ("VE") Larry A. Bell. On April 22, 2010, the ALJ issued a decision, finding that the Plaintiff suffers from the following severe impairments: back pain and neck pain; chronic obstructive pulmonary disease/asthma; depression;

anxiety; borderline intellectual functioning; and alcohol abuse. The decision found that the Plaintiff is not under a disability as defined in the Social Security Act. The ALJ found that the Plaintiff has no past relevant work, but retains the residual functional capacity ("RFC") to perform light work: work that involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds, or work that requires a good deal of walking or standing, or work that requires sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. §404.1567(b). "Light work" also includes the requirements of sedentary jobs, which involve lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. 20 C.F.R. §404.1567(a). In addition, the ALJ found that the Plaintiff has some exertional and non-exertional limitations. The Appeals Council denied the Plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner.

Thereafter the Plaintiff filed the present civil action pursuant to 42 U.S.C. §405(g), seeking judicial review of an adverse decision by the Defendant Commissioner of Social Security. The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §636(b)(1)(B). Both the Plaintiff and the Defendant filed motions for summary judgment [Docs. 11 and 15]. On December 13, 2012, the magistrate judge entered a report and recommendation ("R & R"), recommending that the Defendant's motion for summary judgment be granted, and that the Plaintiff's motion for summary judgment be denied [Doc. 18]. The Plaintiff filed timely objections to the report [Doc. 19].

**II.     Standard of Review**

Pursuant to 28 U.S.C. §636(b)(1)(C), this Court must conduct a *de novo* review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." *See* **Webb v. Califano**, 468 F.Supp. 825 (E.D. Cal. 1979).  Because the Plaintiff filed objections, this Court will undertake a *de novo* review as to those portions of the report and recommendation to which objections were made.

An ALJ's findings will be upheld if supported by substantial evidence. *See* **Milburn Colliery Co. v. Hicks**, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" **Hays v. Sullivan**, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting **Richardson v. Perales**, 402 U.S. 389, 401 (1971)). Further, the "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." **Sec'y of Labor v. Mutual Mining, Inc.**, 80 F.3d 110, 113 (4th Cir. 1996) (quoting **Consolo v. Fed. Mar. Comm'n**, 383 U.S. 607, 620 (1966)).

**III.     Discussion**

In his motion for summary judgment, the Plaintiff contends that the Commissioner's decision was not supported by substantial evidence. Specifically, the Plaintiff argues that: (1) the VE testified inconsistently with the Dictionary of Occupational Titles ("DOT"), and its companion volume, Selected Characteristics of Occupations ("SCO"), without any explanation regarding the inconsistencies; and (2) the ALJ relied upon an incomplete,

3

inaccurate hypothetical to the VE. Additionally, the Plaintiff argues that he was denied procedural due process when the ALJ refused to recuse himself or assign a different ALJ to the Plaintiff's case.

Magistrate Judge Seibert issued a report and recommendation, in which he found that: (1) the ALJ did not commit reversible error by failing to assign a different ALJ or recuse himself from hearing the case; (2) the VE testified consistently with the applicable manuals; and (3) the ALJ's hypothetical was proper.

The Plaintiff objects to each of the findings in the R & R. The Court will address each of the Plaintiff's objections in turn.

### A. The Plaintiff was not denied procedural due process by the ALJ declining to recuse himself from the Plaintiff's case.

In his motion for summary judgment, the Plaintiff argued that the ALJ who conducted the hearing and delivered the unfavorable decision in the instant case is the same ALJ who previously made an unfavorable decision regarding a separate Social Security claim by the Plaintiff.[1] The Plaintiff argued that this constituted both a departure from agency procedure and a violation of procedural due process. In support of his argument, the Plaintiff cited the Administrative Procedures Act ("APA"), which provides that "[a]dministrative law judges shall be assigned to cases in rotation so far as practicable . . . ." 5 U.S.C. §3105. The Plaintiff also cited to the Social Security Administration's Hearings, Appeals and Litigation

---

[1] The Plaintiff filed a prior application for SSI benefits on May 3, 2005, alleging disability as of October 11, 2003. In that prior claim, in which the Plaintiff was unrepresented, ALJ Mills issued a decision on April 19, 2007, finding that the Plaintiff was not under a disability, as defined in the Social Security Act. The Plaintiff did not appeal this decision to the district court.

Law Manual ("HALLEX"), which provides, in pertinent part, that:

> HOs [hearing offices] maintain a "master docket" which lists all RHs [requests for hearings] and remands received. The HOCALJ [hearing office chief administrative law judge] generally assigns cases to ALJs from the master docket on a rotational basis, with the earliest (i.e. oldest) RHs receiving priority, unless there is a special situation which requires a change in the order in which a case is assigned.

HALLEX I-2-1-55. The Plaintiff argues that the ALJ's failure to recuse himself "did not afford to the [P]laintiff adequate safeguards for a fair and impartial tribunal," and "created an appearance of impropriety and lack of impartiality."

The magistrate judge found the Plaintiff's argument to be unavailing in several respects. First, the magistrate judge found that HALLEX is "an internal Social Security Administration policy manual," which "does not impose judicially enforceable duties on either the ALJ or [a] court." *See* **Lockwood v. Commissioner of Social Sec. Admin.**, 616 F.3d 1068, 1072 (9th Cir. 2010), *cert. denied,* 131 S. Ct. 2882 (2011). *See also* **Allen v. Astrue**, 2010 WL 2196530 at *5 (N.D. W. Va. May 28, 2010). The magistrate judge found that because HALLEX is an agency manual which lacks the force of law, this Court cannot force the Commissioner to follow it or provide a remedy to a claimant who avers that the Commissioner did not follow it.

Next, the magistrate judge found that even if HALLEX were binding, HALLEX did not require recusal in the instant situation. HALLEX provides that:

> The Administrative Law Judge (ALJ) ***must*** disqualify or recuse himself or herself from adjudicating a case if the ALJ is prejudiced or partial with respect to the claimant or has any interest in the matter pending for decision. The ALJ ***may*** disqualify himself or herself from adjudicating a case if the ALJ believes his or her participation in the case would give an

5

> appearance of impropriety. However, disqualification is not a matter of personal preference or reluctance to handle a particular case. The ALJ must have reasonable and proper grounds for such action.
>
> . . .
>
> If a claimant objects to an ALJ conducting the hearing in his or her case, but the ALJ decides before the hearing that the claimant's reasons for objecting do not warrant disqualification, the ALJ must:
>
>> advise the claimant in writing, setting forth the reasons for the decision; and,
>>
>> note his or her refusal to disqualify himself or herself in the opening statement at the hearing as part of the procedural history of the case.
>
> If an ALJ refuses at the hearing to disqualify himself or herself, the ALJ's explanation in the transcript will be sufficient notice to the claimant.

HALLEX I-2-1-60(A); (C) (emphasis added). *See also* 20 C.F.R. §416.1440. The magistrate judge found that the Plaintiff failed to prove that he was prejudiced by not being assigned a different ALJ, or that the outcome would have been different. The magistrate judge found that the Plaintiff failed to produce any evidence of prejudice or actual bias on the part of the ALJ.

Finally, the magistrate judge considered the Plaintiff's argument with regard to the APA, and found that the Plaintiff had failed to show any actual prejudice or bias in the ALJ rotation policy at the SSA's Morgantown, West Virginia hearing office.

In his objection, the Plaintiff argues that while he "agrees that HALLEX itself does not impose a judicially enforceable duty, . . HALLEX and other administrative rules and policies were cited to show the Commissioner's recognition of and acquiescence to the safeguard requirements of the APA for a fair and impartial tribunal, which in turn was

6

enacted to codify and elaborate upon the constitutional requirements for due process of law in the context of administrative proceedings." The Plaintiff argues that "[i]f not a due process violation, . . the Commissioner's ALJ committed an *Accardi* abuse of discretion[2] by failing to abide by the Commissioner's own rules and policies and hearing the case out of rotation despite the Plaintiff's objections and without any justification provided."

As the magistrate judge found, however, "appearance of impropriety" is not the standard for recusal. Actual bias, rather than a mere appearance of impropriety, must be shown in order to disqualify an ALJ. *See **Bunnell v. Barnhart***, 336 F.3d 1112, 1115 (9th Cir. 2003). *See also **Monseau v. Astrue***, 2010 WL 1286200 at *3 (N.D. W. Va. March 29, 2010). The United States Supreme Court has ruled that ALJs are presumed to be unbiased, and a plaintiff has the burden of rebutting this presumption. ***Schweiker v. McClure***, 456 U.S. 188, 195 (1982). The Plaintiff has not presented any evidence that ALJ Mills was actually biased in this case.

Moreover, from the Court's review, the ALJ did not violate any internal SSA procedures. Neither HALLEX nor the APA required the ALJ to recuse himself. HALLEX provided that the ALJ was not required to recuse himself from the Plaintiff's case unless he was actually biased. ALJ Mills noted the Plaintiff's objection to ALJ Mills continuing to preside over the Plaintiff's case at the beginning of the March 17, 2010 hearing, and provided his basis for declining to recuse himself on the record. This satisfied all the

---

[2] *See **Nader v. Blair***, 549 F.3d 953, 962(4th Cir. 2008) ("*Accardi* doctrine . . . provides that when an agency fails to follow its own procedures and regulations, that agency's actions are generally invalid.") (citing ***United States ex rel. Accardi v. Shaughnessy***, 347 U.S. 260, 268 (1954)).

requirements of HALLEX and the APA. The Plaintiff has offered no evidence that his case was "pre-selected" or "pulled out of rotation" when it was assigned to ALJ Mills. Therefore, the Plaintiff's first objection is **OVERRULED**.

**B.    Where the Plaintiff did not bring any alleged inconsistency by the VE to the ALJ's attention, the ALJ was not required to make an independent investigation into the testimony of witnesses.**

In his motion for summary judgment, the Plaintiff argued that the VE testified inconsistently with the Dictionary of Occupational Titles ("DOT"), and its companion volume, Selected Characteristics of Occupations ("SCO"), without any explanation regarding the inconsistencies. The Plaintiff argued that this was a violation of Social Security Ruling ("SSR") 00-4p.

Where there is a demonstrated impairment, the Commissioner must produce a VE to testify that the individual retains the ability to perform specific jobs which exist in the national economy. ***Grant v. Schweiker***, 699 F.2d 189, 192 (4th Cir. 1983). The testimony must be based on all the evidence of record and in response to a proper hypothetical question that fairly sets out all of a claimant's impairments. ***Walker v. Bowen***, 889 F.2d 47, 50 (4th Cir. 1989). The Commissioner may not rely upon the answer to a hypothetical question if the hypothesis fails to fit the facts. ***Hincher v. Barnhart***, 362 F.Supp.2d 706, 712 (W.D. Va. 2005).

SSR 00-4p provides that:

> [B]efore relying on VE . . . evidence to support a disability determination or decision, our adjudicators must:
>
> Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs . . . and information in the [DOT], including its companion publication,

the [SCO], published by the Department of Labor; and

Explain in the determination or decision how any conflict that has been identified was resolved.

The Plaintiff argued that the ALJ's hypothetical to the VE limited the Plaintiff to "simple, routine, unskilled work involving one or two steps," but that all of the jobs cited by the VE require Level Two reasoning, in contradiction to the ALJ's one- or two-step requirement.[3] Further, the Plaintiff argued that the cited job of "laundry folder" would require exposure to extreme heat, in contradiction to the ALJ's hypothetical which called for avoiding concentrated exposure to temperature extremes. Further, the Plaintiff argued that the DOT number for the job of "general sorter," cited by the VE, actually corresponds to the job of "acetone button paster," which the Plaintiff argued would expose him to acetone fumes.

Citing to the policy interpretation contained within SSR 00-4p, the magistrate judge found that "[w]hen there is an apparent unresolved conflict between the VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled." Furthermore, "the adjudicator will inquire, on the record, as to whether or not there is such consistency."

---

[3] *See* United States Department of Labor, United States Employment Service, and the North Carolina Occupational Analysis Field Center, *Dictionary of Occupational Titles (DOT)*, (Revised 4th ed. 1991), Appx. C ("Level One" reasoning consists of "apply commonsense understanding to carry simple one- or two-step instructions; deal with standardized situations with occasional or no variables in or from these situations encountered on the job," while "Level Two" reasoning consists of "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions; deal with problems involving a few concrete variables in or from standardized situations.").

However, the magistrate judge also found that SSR 00-4p does not place an affirmative duty on an ALJ to "conduct an independent investigation into the testimony of witnesses," and if the claimant does not bring any inconsistencies to the ALJ's attention, "the ALJ [does] not need to explain how the conflict was resolved." **Boggs v. Astrue**, 2012 WL 5494566 at *7 (N.D. W. Va. Nov. 13, 2012) (citing **Martin v. Comm'r of Soc. Sec.**, 170 F. Appx. 369, 374 (6th Cir. 2006)).

Additionally, the magistrate judge rejected the Plaintiff's argument that Level Two reasoning is inconsistent with one- to two-step ability, citing **Money v. Barnhart**, 91 Fed. Appx. 210, 214-15 (3d Cir. 2004), in which the Third Circuit found that jobs of Reasoning Level Two would not contradict a mandate that a plaintiff is limited to simple work.

In his objection, the Plaintiff argues that SSR 00-4p "makes it the ALJ's responsibility to resolve any inconsistency between the VE testimony and the DOT/SCO." The Plaintiff argues that "[i]f the VE's testimony turns out to be factually erroneous based upon the authoritative reference materials formally adopted by the Commissioner and available to all, then the Commissioner has not sustained the burden of showing that there really are jobs in the national economy that the impaired claimant can still perform."

However, the Plaintiff does not cite any law in support of this proposition, and furthermore fails to respond to the weight of contradictory authority. *See, e.g.,* **Boggs**, *supra*; **Martin**, *supra*; **Brown v. Barnhart**, 408 F.Supp.2d 28, 35 (D.D.C. 2006) ("'claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error'") (citing **Haas v. Barnhart**, 91 Fed. Appx. 942, 947-

10

48 (5th Cir 2004)).

> Even if SSR 00-4p places an affirmative duty on the judge, such a procedural requirement would not necessarily bestow upon a plaintiff the right of automatic remand where that duty was unmet. Such an automatic right on a purely technical ground where there is otherwise substantial evidence to support the SSA's findings of fact would be contradictory to the deference due the SSA.

*Brown*, 408 F.Supp.2d at 35.

The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. SSR 00-4p. Therefore, a VE may be able to provide more specific information about jobs or occupations than the DOT. The ALJ in the instant case asked the VE if his testimony was consistent with the DOT, and the VE averred that it was. [R. 83].[4] The Plaintiff did not raise any conflicts between the DOT and the VE's testimony at the March 17, 2010 hearing, when he had the opportunity to do so. The ALJ's decision was based upon substantial evidence, and, therefore, the Plaintiff's second objection is **OVERRULED**.

### C. The ALJ's hypothetical was not improper.

In his motion for summary judgment, the Plaintiff argued that the ALJ relied upon an incomplete, inaccurate hypothetical question to the VE. Specifically, the Plaintiff argued that the ALJ erred in failing to take into account the need for the Plaintiff to be employed under close supervision based on his IQ of 77. In support of this argument, the Plaintiff cited to SSR 85-16, which provides that:

> The evaluation of intellectual functioning by a program

---

[4] All citations to the Record refer to the Administrative Record [Doc. 7].

> physician, psychologist, ALJ, or AC member provides information necessary to determine the individual's ability to understand, to remember instructions, and to carry out instructions. Thus, an individual, in whom the only finding in intellectual testing is an IQ between 60 and 69, is ordinarily expected to be able to understand simple oral instructions and to be able to carry out these instructions under somewhat closer supervision than required of an individual with a higher IQ. Similarly, an individual who has an IQ between 70 and 79 should ordinarily be able to carry out these instructions under somewhat less close supervision.

The Plaintiff thus argued that the ALJ erred in failing to include any degree of closer supervision in his hypothetical RFC question to the VE.

The magistrate judge found that SSR 85-16 does not require limitations of close supervision for all claimants with an IQ between 70 and 79. *See* **Norah v. Commissioner of Social Security**, 2012 WL 936489 at *3-4 (S.D. Ohio March 20, 2012) (finding that exclusion of close supervision from RFC for an individual with an IQ under 70 was within the zone of an ALJ's discretion); **Gonzalez v. Astrue**, 2012 WL 711521 at *8 (N.D. Ohio March 5, 2012) (same). The magistrate judge concluded that the ALJ in the instant case weighed the evidence and concluded that a limitation of close supervision was not necessitated by that evidence, and there was thus nothing improper about the ALJ's hypothetical.

In his third objection, the Plaintiff reiterates the arguments advanced in his motion for summary judgment. However, the Court does not find any merit in them. The record reflects that Dr. Shaver, who reviewed the psychological evaluations in the record, and was aware of the Plaintiff's diagnosis of borderline intellectual functioning, specifically found that the Plaintiff would be able to sustain an ordinary routine without special supervision. [R.

429-33]. Moreover, there was a great deal of evidence and testimony elicited with regard to the level of independent functioning that the Plaintiff displays: he pays bills, takes care of his grandson, drives, shops, cooks, and provides firewood for his home. This level of independent activity demonstrates that the Plaintiff does not require special supervision to perform unskilled one- and two-step work.

An ALJ may properly omit restrictions for oral instruction or close supervision where substantial evidence of record indicates that a claimant does not need those accommodations. The ALJ in the instant case did so, and his decision was based upon substantial evidence. Therefore, the Plaintiff's third objection is **OVERRULED**.

## IV. Conclusion

Based upon the above, it is

**ORDERED** that Magistrate Judge Seibert's R & R **[Doc. 18]** be, and the same is, hereby **ADOPTED**. Accordingly, it is

**ORDERED** that the Defendant's Motion for Summary Judgment **[Doc. 15]** shall be, and the same is, hereby **GRANTED**. It is further

**ORDERED** that the Plaintiff's Motion for Summary Judgment **[Doc. 11]** shall be, and the same is, hereby **DENIED**.

The Clerk is directed enter a separate judgment order and transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** March 22, 2013.

GINA M. GROH
UNITED STATES DISTRICT JUDGE